## Berg v. Levenberg (No. 1)

*Sidney B. Berg*, for plaintiff.
*William K. Ravetz*, for defendant.

Bok, P. J., October 7, 1958.—Plaintiff, a salesman, was employed by defendants on a commission basis from November 1951, until September 8, 1955, when he was placed on a straight salary basis. Following the termination of his employment in February 1958, he commenced this action for commissions by summons in assumpsit. To enable him to prepare his complaint he seeks an order pursuant to Pa. R. C. P. 4009 permitting him to examine defendants' books and to make copies of all sales to certain designated customers during the period he was employed on a commission basis. The customers involved are set forth on two lists. The first contains the names of 25 "institution-type" or wholesale customers, the second, the names of approximately 225 "restaurant-type" or retail customers. Defendants apparently never paid plaintiff commissions for sales to customers on the first list. They com-

puted plaintiff's commissions for sales on the second list and rendered him a general statement or summary of total commissions earned each month, without itemizing customers or sales.

Plaintiff alleges that he was entitled to receive commissions on all sales made by him, that he never received his full commissions on many sales and that defendants have refused many requests and demands for an accounting. Defendants allege that plaintiff was entitled to commissions only on "restaurant-type" sales, that defendants computed and paid him commissions on such sales until September 8, 1955, without further complaint or demand and that plaintiff never made any requests or demands for an accounting with respect to sales on either list. Defendants resist the petition on the ground that inspection is sought in bad faith because, they allege, plaintiff did not solicit and sell many of the customers in question, because the agreement for commissions did not cover sales to customers on the first list and because plaintiff never made any prior demands for an accounting. These allegations are disputed. Defendants also contend that inspection of sales to customers on the second list would cause defendants unreasonable annoyance and expense. Finally, defendants intimate that the inspection would prejudice defendants' competitive position in the trade.

The inspection requested appears to us to be essential if plaintiff is to be given an opportunity to submit his claim to a trier of fact. It should greatly expedite trial of the case. Defendants' demand that plaintiff establish liability on the merits before inspection is allowed imposes too great a burden on obtaining this type of discovery: Bullock v. Mastercraft Products, Inc., 84 D. & C. 117 (1953). It would require, in effect, two trials of plaintiff's case. The fact that suit

was not instituted until after the employment was terminated does not, of itself, establish defendants' allegation that the action is intended only as harassment. Inspection of sales to customers on the first list will not prejudice defendant's position that they are not liable for commissions on this type sale. Inspection of sales to customers on the second list should dispose of this part of the claim, if defendants' monthly computations were accurate.

Plaintiff proposed to have his accountant examine and copy the records at defendants' place of business. Since the records are more than three years old, the inspection should result in little or no annoyance or expense to defendants. We fail to see how disclosure of sales to customers already designated by plaintiff and occurring so long in the past should prejudice defendants competitively.

For these reasons the inspection sought by plaintiff will be granted.